**LOCAL 1498, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, a Labor Organization, et al., Appellants,**

v.

**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL/CIO, et al., Appellees.**

No. 74–2181.

United States Court of Appeals, Third Circuit.

Argued May 1, 1975.

Decided Aug. 20, 1975.

As Amended Sept. 3, 1975.

Emory H. Guy, Philadelphia, Pa., for appellants.

Joseph B. Meranze, Meranze, Katz, Spear & Wilderman, Philadelphia, Pa., Raymond J. Malloy, Asst. Gen. Counsel, Washington, D. C., for appellees.

Before FORMAN, VAN DUSEN and GARTH, Circuit Judges.

OPINION OF THE COURT

GARTH, Circuit Judge:

This appeal brings before us an order of the district court denying plaintiffs leave to bring suit under the provisions of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401 *et seq.* The district court held that it lacked jurisdiction inasmuch as plaintiffs' action for mismanagement of a local union's financial affairs was

brought by a federal employee against a federally-recognized union and its national and local officers. The district court also held that jurisdiction was lacking under the other jurisdictional bases alleged by the plaintiffs. Accordingly, the district court denied plaintiffs' application for leave to sue, the only relief sought by plaintiffs. We agree with the district court that no jurisdictional basis exists, but we are obliged to remand for entry of an order dismissing the complaint to dispose of the entire proceeding.[1]

■ The individual plaintiffs[2] are present members of Local 1498 of the American Federation of Government Employees (AFL–CIO) who seek to sue the national union (hereinafter "AFGE") and certain officers of both the national and local unions for alleged violations of fiduciary duties imposed by § 501(a) of the LMRDA.[3] The complaint which

1. Plaintiffs, on August 2, 1974, filed their application for leave to sue together with, and incorporating therein, a 78 page complaint with attachments. The complaint was filed separate from the application for leave to sue. *Record, Document No. 1, Local 1498, et al. v. American Federation of Government Employees, et al.*, C.A. No. 74–2007 (E.D.Pa. filed Sept. 12, 1974). Thereafter, on August 26, 1974, defendants moved to "deny plaintiffs' application for leave to sue." No motion was made to dismiss the complaint and the district court's Order properly refers to and disposes of the only issue before the district court—plaintiffs' application for leave to sue.

In its Opinion, however, the district court did not confine its discussion to a denial of leave to sue under the LMRDA. Rather, the district court considered other grounds of jurisdiction asserted in the complaint which might have supported subject matter jurisdiction over the complaint independent of jurisdiction under the LMRDA for the application for leave to sue. The district court held these other jurisdictional grounds to be unavailing for plaintiffs to establish the district court's subject matter jurisdiction over the claims alleged in the complaint. Accordingly, the complaint having been filed separately, in order to dispose of the action the district court should have dismissed the complaint. This the district court failed to do as its Order of September 12, 1974 only denied leave to sue.

In the interests of judicial economy, however, we have considered those jurisdictional grounds set forth in the complaint and discussed by the district court independent of its consideration of jurisdiction under the LMRDA. We agree with the district court that no jurisdictional basis is sufficient to invoke federal court jurisdiction over plaintiffs' claims. We will thus remand to the district court solely for the purpose of dismissing the complaint in accordance with this opinion.

With respect to the "open" application of the defendants seeking to deny plaintiffs leave to sue, we regard that motion as being mooted by the district court's Order of September 12, 1974 denying plaintiffs' application.

2. The caption of the complaint which was filed lists as plaintiffs: Local 1498, American Federation of Government Employees, local union; E. H. Guy; and R. E. Heagy. Because of the district court's disposition of the application for leave to sue on jurisdictional grounds, the issue of standing and of the propriety of naming the local union itself as a party plaintiff was not reached. We consequently express no opinion as to these issues.

We also recognize that plaintiffs sought to serve the complaint upon the national union as defendant. We have previously held that an action under 29 U.S.C. § 501(b) is not maintainable against the parent union. *Sabolsky v. Budzanoski*, 457 F.2d 1245 (3d Cir.), *cert. denied*, 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972). Dismissal of AFGE as a party defendant, however, is not necessary here in view of the district court's denial of leave to sue and our affirmance of that action.

3. Section 501(a) of the LMRDA provides:

"The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. A general exculpatory provision in the constitution and bylaws of such a labor organization or a general exculpatory resolution of a

plaintiffs sought to serve on defendants reveals that plaintiffs seek recovery of monies alleged to have been misappropriated by officers of the local union who, along with officers of the national union, are charged with various misrepresentations and omissions concerning union procedures.[4] *See* Complaint, ¶ 7; App. at 37b. The defendant union AFGE and the plaintiff Local 1498 are unincorporated associations which limit membership to, and which represent only, Federal government employees.

Insofar as plaintiffs' cause of action is predicated upon the defendants' alleged breach of fiduciary duties imposed by § 501(a), we agree with the district court's conclusion that it lacks subject matter jurisdiction over that cause of action. We believe it settled in this Circuit that the provisions of the LMRDA are not applicable to government unions. A union consisting exclusively of government employees is not subject to the statutory prohibitions and rights created by the LMRDA. *New Jersey County and Municipal Council # 61 v. American Fed'n of State, County and Municipal Employees*, 478 F.2d 1156, 1160 (3d Cir.), *cert. denied*, 414 U.S. 975, 94 S.Ct. 290, 38 L.Ed.2d 218 (1973). *Accord Stevens v. Carey*, 483 F.2d 188, 191 (7th Cir. 1973); *Colorado Labor Council v. American Fed'n of Labor and Congress of Industrial Organizations*, 481 F.2d 396 (10th Cir. 1973); *Wright v. Baltimore Teachers Union*, 369 F.Supp. 848 (D.Md. 1974).

Although Title V of the LMRDA, the section of the Act which concerns us here, was not under consideration in the cases above cited, those cases involved the same determinative jurisdictional issue, dependent upon the same statutory language,[5] as is present in this case. We are concerned here, as were the cases cited, with whether a union was a "labor organization" within the meaning of that term as used in the LMRDA.

A brief analysis of the statute itself reveals the LMRDA's lack of application to government unions. We first recognize that the district court's jurisdiction under the Act may be invoked by "[a]ny person whose rights secured by the provisions of this [Act] . . . have been infringed by any violation of this [Act] . . . ." 29 U.S.C. § 412. Section 501(a) imposes duties for "officers . . . of a labor organization", while § 501(b) provides that:

> "When any officer . . . of *any labor organization* is alleged to have violated the *duties declared in subsection (a)* [29 U.S.C. § 501(a)] . . . [a] member [of the labor organization] may sue such officer . . . to recover damages . . . ."

29 U.S.C. § 501(b) (emphasis supplied). The question then raised is whether the defendant officers are officers of "any labor organization" within the meaning of that term as used in the LMRDA, and specifically § 501.

The term "labor organization" as used in the LMRDA is as defined by statute:

> "(i) 'Labor organization' means a labor organization engaged *in an industry*

---

governing body purporting to relieve any such person of liability for breach of the duties declared by this section shall be void as against public policy."
29 U.S.C. § 501(a).
Suit against an officer for violation of these duties may be commenced by a member of a labor organization if the member (1) first makes demand upon the labor organization to sue and the labor organization refuses and (2) second obtains leave of the court upon verified application and for good cause shown. 29 U.S.C. § 501(b).

**4.** Plaintiffs alleged that AFGE was liable on the basis that the local union officers were also employees of the national union and, as such, AFGE was, as a principal, liable for any § 501(a) violations by the local union officers. Complaint ¶ 7.7.5; App. at 79b. The Commercial Union Assurance Company was sought to be served as a defendant on the basis that it might have violated the terms of fiduciary bonds for the local union officers but as plaintiffs did not have copies of such bonding policies, a violation could not be alleged with more detail. Complaint ¶ 7.6.5; App. at 74b.

**5.** *See* 29 U.S.C. § 402(i).

*affecting commerce* and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged *in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers* concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment."
29 U.S.C. § 402(i) (emphasis supplied). Consequently, within the ambit of the LMRDA, and thus § 501, a "labor organization" must deal with *an employer* and act as the representatives of employees of *an employer. See* 29 U.S.C. § 402(j)(2). "[A] labor organization is not covered unless it represents, or is chartered to represent, or is actively seeking to represent 'employees' of an 'employer' as those terms are defined in the act." Smith, The Labor-Management Reporting and Disclosure Act of 1959, 46 Va.L.Rev. 195, 199 (1960). "Employer," in turn, expressly excludes the United States as such term is statutorily defined as to

"*not include the United States* or any corporation wholly owned by the Government of the United States or any State or political subdivision thereof."

29 U.S.C. § 402(e) (emphasis supplied). *See New Jersey County and Municipal Council # 61 v. American Fed'n of State, County and Municipal Employees, supra.*

■ As the federal government is expressly excluded from the statutory definition of employer, the organization which represents its workers does not represent "employees" of an "employer" within the meaning of the LMRDA. Here, the defendant national union AFGE limits its membership to, and represents only, federal government employees in their dealings with the federal government. As such AFGE is excepted from the application of the LMRDA and,

as it is excepted from statutory coverage, officers of the union are similarly not subject to those proscriptions of conduct which are established by the LMRDA. Consequently, however else the activities of government union officers may otherwise be subject to legal actions, no cause of action will lie against such officers under the LMRDA as the jurisdictional requirement cannot be met. *See* 29 U.S.C. § 412.

■ The other jurisdictional bases alleged by plaintiffs similarly fail to confer jurisdiction upon the district court. Plaintiffs cannot establish federal jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) as it is apparent from plaintiffs' complaint, filed with the application for leave to sue, that complete diversity of citizenship is lacking as between the plaintiffs and defendants. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

■ Neither is "federal question" jurisdiction, 28 U.S.C. § 1331, available to plaintiffs. 28 U.S.C. § 1331 confers original jurisdiction on the district courts over "federal question" cases where "the matter in controversy . . . *arises under the Constitution, laws, or treaties of the United States.*" Here, plaintiffs refer to no law or constitutional provision giving rise to their claims which would provide jurisdiction under § 1331. The only federal law invoked by the complaint is the LMRDA which, as we have earlier held, is inapplicable to the circumstances here.

Nor could we accept as a jurisdictional predicate the Executive Order which imposes the same fiduciary standards upon officers of federal government unions as are imposed on officers of non-governmental unions under 29 U.S.C. § 501(a). The fiduciary obligations listed in § 501(a) are applicable to the defendant officers, not by statute, but by virtue of Executive Order No. 11491, § 18(d), *as amended,* 5 U.S.C. § 7301 (Supp.1975).[6]

---

6. In pertinent part, the Executive Order provides:

"(d) The Assistant Secretary shall prescribe the regulations needed to effectuate this section. These regulations shall conform generally to the principles applied to unions in the private sector. Complaints of violations of this section shall be filed with the Assistant Secretary."

Pursuant to this Executive Order an administrative regulation adopting the duties expressed in § 501(a) was promulgated. 29 C.F.R. § 204.31 (1974).[7] Accordingly, any allegation that officers of a government union breached their fiduciary duties constitutes an allegation that the Executive Order, rather than the LMRDA, was violated. As such, a union member's remedy must invoke the administrative procedures established pursuant to Executive Order No. 11491. *See* Executive Order No. 11491, § 18(d), *as amended*, 5 U.S.C. § 7301 at 108; 29 C.F.R. §§ 204.53, 204.54.

▉ In seeking to regulate labor relations in the federal government and internal matters of unions representing federal government employees, Executive Order No. 11491 was not issued under statutory authority providing for presidential implementation or effectuation of statutory provisions. *Compare Farkas v. Texas Instrument, Inc.*, 375 F.2d 629 (5th Cir.), *cert. denied*, 389 U.S. 977, 88 S.Ct. 480, 19 L.Ed.2d 471 (1967); *Farmer v. Philadelphia Elec. Co.*, 329 F.2d 3, 4–8 (3d Cir. 1964).[8] We recognize that 5 U.S.C. § 7301 provides that:

"The President may prescribe regulations for the conduct of employees in the executive branch."[9]

However, we do not read that statute as providing the necessary congressional authority to constitute Executive Order No. 11491 as a "law of the United States" within the meaning of § 1331. Unlike the Executive Orders in *Farkas* and *Farmer* which were designed to implement and effectuate the statutes under which they were promulgated, here § 7301 has no such relationship with the substance of Executive Order No. 11491. Hence, while Executive Order No. 11491 regulates and implements federal government personnel policies, it does so solely as a product of executive authority and not as a consequence of congressional law making. Accordingly, this Executive Order implementing presidential personnel policies cannot attain the status as a "law of the United States" for purposes of 28 U.S.C. § 1331. *Stevens v. Carey*, 483 F.2d 188 (7th Cir. 1973); *cf. Manhattan-Bronx Postal Union v. Gronouski*, 121 U.S.App.D.C. 321, 350 F.2d 451, 452, 456 (1965), *cert. denied*, 382 U.S. 978, 86 S.Ct. 548, 15 L.Ed.2d 469 (1966).[10]

---

Executive Order No. 11491, § 18(d), *as amended*, 5 U.S.C. § 7301 (Supp.1975) at 108.

Executive Order No. 11491 was most recently amended by Executive Order No. 11838, effective May 7, 1975. Executive Order No. 11838, 40 Fed.Reg. 5743 (February 6, 1975). Section 18(d) of Executive Order No. 11491, was not amended. The provisions of Executive Order No. 11491 which were amended by Executive Order No. 11838 are not relevant to the issues discussed here.

7. The regulation provides:

"*Maintenance of fiscal integrity in the conduct of the affairs of labor organizations.*

The standards of fiduciary responsibility prescribed in section 501(a) of the LMRDA are incorporated into this sub-part by reference and made a part hereof."
29 C.F.R. § 204.31 (1974).

8. For a discussion of limitations of Executive power, see generally *Contractors Ass'n of Eastern Pennsylvania v. Secretary of Labor*, 442 F.2d 159, 168 (3d Cir.), *cert. denied*, 404

U.S. 854, 92 S.Ct. 98, 30 L.Ed.2d 95 (1971), citing *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 72 S.Ct. 863, 96 L.Ed. 1153 (1952). In *Contractors Ass'n* the issue of § 1331 jurisdiction arising solely from an Executive Order was not decided.

9. The first Executive Order pertaining to employee-management relations within the federal government was promulgated four years before § 7301 was enacted. *See* Executive Order No. 10988, 5 U.S.C. § 7301 (1967) at 300.

10. Executive Order No. 11491 revoked and replaced Executive Order No. 10988 of October 29, 1969. It was Executive Order No. 10988 which was at issue in *Gronouski*. Although Executive Order No. 10988 had been revoked and replaced, it also was referred to by the Court of Appeals in *Stevens v. Carey, supra*, in that Court's holding that Executive Orders pertaining to federal government personnel policies were an insufficient predicate for § 1331 jurisdiction.

Furthermore, regardless of the force and effect of the Executive Order, and assuming the allegations made by plaintiffs to be true, this complaint nevertheless fails to state a claim upon which relief can be granted. By its terms, the Executive Order imposing fiduciary duties upon officers of federal government unions, even if it gives rise to § 1331 jurisdiction, does not contemplate a private civil action in the federal courts to enforce its terms. The Executive Order expressly provides an administrative remedy for complaints alleging violations of fiduciary obligations.[11] No provision is expressed, nor can one be implied, that union members may seek vindication of rights created by the Executive Order in the federal courts. The implementation of federal government personnel policies does not contemplate enforcement of Executive Orders by private civil actions and we will not undertake to create such a method of enforcement by the intrusion of the federal courts into the process of regulating federal government unions. *Stevens v. Carey, supra; Manhattan-Bronx Postal Union v. Gronouski, supra; accord Farkas v. Texas Instrument, Inc.*, 375 F.2d at 632–33; *Farmer v. Philadelphia Elec. Co.*, 329 F.2d at 8–9.

Plaintiffs urge that our disclaimer of federal court jurisdiction over the allegations of their complaint deprives them of due process[12] and, as such, establishes the factual predicate for § 1331 jurisdiction. We find no merit to this contention. The due process clause of the fifth amendment applies to only the federal government; it is inapplicable to private persons. *Public*

*Utilities Comm'n v. Pollak*, 343 U.S. 451, 461, 72 S.Ct. 813, 96 L.Ed. 1068 (1952). Here, the defendants are non-governmental parties. Although private parties may be found to have engaged in "governmental" action sufficient to subject their activities to the fifth amendment,[13] even a liberal reading of the complaint reveals no allegations by which governmental participation can be inferred from the alleged activities of the private defendants.

No matter how sympathetic we might be to plaintiffs' plight, where federal courts are without jurisdiction we are only to announce that fact and do no more. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868). Our holding that federal courts lack jurisdiction, however, does not necessarily suggest that there is no other forum in which plaintiffs' claims may be asserted.

Having found no jurisdictional basis on which to sustain the plaintiffs' application and complaint, we would affirm the district court's Order of September 12, 1974. However, as we have noted previously, that Order was restricted to only the plaintiffs' leave to sue and did not dispose of the separately filed complaint. Therefore, to dispose of the complaint as well as plaintiffs' application, we will affirm the Order of the district court dated September 12, 1974 and we will remand to the district court with the direction that an order be en-

---

11. Executive Order No. 11491, § 18(d), *supra* note 6. Nowhere is it alleged or shown that the procedures required under the Executive Order and the administrative regulations have been complied with by plaintiffs.

12. The plaintiffs advance numerous arguments involving what they allege are due process violations. All of these arguments would appear to be embraced within the allegation that Executive Order No. 11491 deprives plaintiffs of

their property without due process in that plaintiffs cannot institute an action in a court to recover monies allegedly misappropriated by union officers.

13. *See, e. g., Geneva Towers Tenants Organ. v. Federated Mortgage Investors*, 504 F.2d 483, 487 (9th Cir. 1974); *cf. Jackson v. Statler Foundation*, 496 F.2d 623 (2d Cir. 1973), *cert. denied*, 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975).

tered dismissing the complaint in accordance with this opinion.

Each party to bear its own costs.