Edward KUHN, Appellant,

v.

NATIONAL ASSOCIATION OF LETTER CARRIERS, BRANCH 5 and International Association of Letter Carriers and United States Postal Service, Appellees.

No. 77–1570.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1977.

Decided Feb. 15, 1978.

---

758

Thomas J. Monaghan, Omaha, Neb., filed brief for appellant.

Mozart G. Ratner, Washington, D. C., and David D. Weinberg, Omaha, Neb., filed brief for appellees.

Before ROSS and WEBSTER, Circuit Judges, and REGAN, Senior District Judge.[*]

WEBSTER, Circuit Judge.

In this appeal we review the determination by the District Court[1] on remand[2] that, because it lacked subject matter jurisdiction to hear a federal claim, it also lacked jurisdiction to hear a pendent state claim.

Appellant Kuhn was employed as a janitorial employee by the United States Post Office Department. In August 1970, he received a letter from the Department notifying him that it intended to take disciplinary action against him. Kuhn sought and received some assistance from his local union, but on October 7, 1970, he was notified that he would be terminated as of the close of business on October 23, 1970. Although this notification explained available appeal procedures, no action was taken by Kuhn or by the union to preserve his right to appeal. Kuhn's attempts to have the matter reopened were unsuccessful.

[*] The Honorable John K. Regan, Senior Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

[1] The Honorable Robert V. Denney, United States District Court for the District of Nebraska.

[2] *See Kuhn v. National Association of Letter Carriers,* 528 F.2d 767 (8th Cir. 1976).

In April 1972, Kuhn brought an action against both the national and local unions of which he was a member claiming that they had undertaken to represent him in the disciplinary proceedings leading to his dismissal, and had breached their duty of fair and adequate representation. His complaint was read to allege both a federal statutory claim for violation of a duty to represent fairly, and a state contractual claim arising out of Kuhn's union membership and the union's agreement to assist him in the grievance proceedings for failure to represent fairly. The Post Office Department was later added as a party defendant and the complaint was amended to allege wrongful conduct on its part.

Motions to dismiss were filed by all defendants. The District Court granted the motions and dismissed the action as to all defendants without prejudice to appellant's right to file appropriate charges with the National Labor Relations Board. The District Court held that any federal statutory duty of fair representation could only be heard by the NLRB, and refused to exercise pendent jurisdiction over the contractual state claim.

On appeal, this Court affirmed the dismissal of the claims against the Post Office Department for failure to exhaust administrative remedies. We also affirmed the dismissal of the federal claims against the national union and the local on the ground that neither was the employees' exclusive bargaining agent in the bargaining unit in which Kuhn was employed, a necessary prerequisite to a statutory duty to represent fairly.[3] The District Court's dismissal of the state law claim was reversed, however, and the cause was remanded with instructions "to determine, in the light of appropriate standards, whether it will hear and decide Kuhn's claim against Branch 5," and to take "action consistent with this opinion." 528 F.2d at 771 (footnote omitted).

On remand, the District Court again refused to hear the state law claim against the union and its local, and dismissed the action. Kuhn's federal claim, that the union had failed to represent him fairly, was found to arise under Executive Orders Nos. 10988 and 11491,[4] establishing a federal labor relations system for the Post Office Department prior to the passage of 39 U.S.C. § 1209(a). The District Court held that because Kuhn's claim did not arise under a "law of the United States," it had no subject matter jurisdiction under § 1331, and hence, was without power to consider the pendent state claim. We affirm.

I

In *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court made it clear that the question of pendent jurisdiction involves two considerations: (1) whether there is power to assume pendent jurisdiction and (2) whether the court should properly exercise its discretion by assuming jurisdiction when it has the power. *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3567 at 443 (1975). The power to exercise pendent jurisdiction is grounded upon the existence of federal subject matter jurisdiction over some claim in the cause of action. Jurisdiction has been held to be established by the existence of a substantial federal question, *see e. g., Hagans v. Lavine,* 415 U.S. 528, 536–39, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), and exists even if the decision on the merits goes against the federal claimant. The district court, however, must ini-

---

**3.** We view the previous panel opinion as holding that appellant had failed to establish the union as the employees' exclusive bargaining unit, an essential element in a fair representation case. The holding was thus on the merits and was not jurisdictional in nature. While the presence of federal subject matter jurisdiction was assumed in the earlier opinion, *cf.* 528 F.2d at 771 n.6 (discussing the discretionary aspects of pendent jurisdiction), the jurisdictional issues presented in this case were not argued to or considered by the Court. The District Court was therefore not precluded from reexamining its own jurisdiction, and we are not precluded from considering its holding on this appeal.

**4.** *See* 27 Fed.Reg. 551 (1962); 34 Fed.Reg. 17,-605 (1969).

tially have subject matter jurisdiction over a federal claim before it can exercise jurisdiction over a pendent state claim.

Pendent jurisdiction, in the sense of judicial *power,* exists *whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority* . . .," U.S.Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. (brackets in original) (second emphasis added) (footnotes omitted)

*United Mine Workers v. Gibbs, supra,* 383 U.S. at 725, 86 S.Ct. at 1138.

■ Similarly this Court has said that in order to rule on a non-federal claim the court "must first be satisfied that there exists a justiciable federal claim to support pendent jurisdiction," *Springfield Television, Inc. v. City of Springfield, Missouri,* 462 F.2d 21, 23 (8th Cir. 1972), and "if the district court [has] no jurisdiction with respect to the federal claim asserted by plaintiff it [has] no jurisdiction of the pendent claim," *Briscoe v. Bock,* 540 F.2d 392, 394 (8th Cir. 1976). *See IIT v. Vencap, Ltd.,* 519 F.2d 1001, 1015 (2d Cir. 1975) ("Pendent jurisdiction can be relied upon only when there is a claim conferring federal jurisdiction that will survive a motion to dismiss."); *Williams v. United States,* 405 F.2d 951, 954–55 (9th Cir. 1969); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3567 at 443–45 (1975).[5]

5. A dismissal for jurisdictional reasons must be distinguished from a dismissal for failure to state a claim after jurisdiction is established. The latter is a disposition on the merits.

[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a

## II

■ Kuhn attempts to establish federal jurisdiction under 28 U.S.C. § 1331, which grants federal district courts "original jurisdiction of all civil actions wherein the matter in controversy . . . arises under the Constitution, laws, or treaties of the United States. . . . " Prior to the passage of the Postal Reorganization Act of 1970, 39 U.S.C. § 201 *et seq.,*[6] collective bargaining between the Post Office Department and labor unions representing postal employees was governed by Executive Order No. 10988, and its successor No. 11491. Therefore, any federal duty to represent fairly owed by the unions to Kuhn must arise from these orders. As correctly determined by the District Court, however, these Executive Orders are not "laws of the United States" for purposes of 28 U.S.C. § 1331 and, therefore, do not confer subject matter jurisdiction on a federal court.

Although this precise question has not arisen in this Court, other Circuits have considered the issue and have held that jurisdiction could not be established on the basis of these orders. In *Local 1498, American Federation of Government Employees v. American Federation of Government Employees,* 522 F.2d 486 (3d Cir. 1975), the Court found that Executive Order No. 11491 "was not issued under statutory authority providing for presidential implementation or effectuation of statutory provisions." *Id.* at 491. Therefore, it did not have the congressional authority necessary to constitute it a "law of the United States"

ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.
*Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

6. Because that Act was not effective prior to July 1, 1971, and all of the operative facts giving rise to this cause of action arose prior to that date, Kuhn's claim cannot be said to arise under that statute. The Postal Reorganization Act of 1970 provides that labor relations of the Postal Service shall be subject to the provisions of the National Labor Relations Act. 39 U.S.C. § 1209(a).

for purposes of § 1331. Similarly, in *Stevens v. Carey,* 483 F.2d 188 (7th Cir. 1973), the Court held that the district court was without jurisdiction over a case brought under Executive Order No. 10988 because, even though the order was not beyond the authority of the President, it was not issued pursuant to a federal statute and therefore was not a "law of the United States" for purposes of § 1331. *See Bendure v. United States,* 554 F.2d 427 (Ct.Cl.1977); *Manhattan-Bronx Postal Union v. Gronouski,* 121 U.S.App.D.C. 321, 350 F.2d 451 (1965), *cert. denied,* 382 U.S. 978, 86 S.Ct. 548, 15 L.Ed.2d 469 (1966). *See also Dreyfus v. Von Finck,* 534 F.2d 24, 29 (2d Cir.), *cert. denied,* 429 U.S. 835, 97 S.Ct. 102, 50 L.Ed.2d 101 (1976); *Crabb v. Weldon Bros.,* 164 F.2d 797, 803 (8th Cir. 1947). *Cf. Farkas v. Texas Instrument, Inc.,* 375 F.2d 629, 632 (5th Cir.), *cert. denied,* 389 U.S. 977, 88 S.Ct. 480, 19 L.Ed.2d 471 (1967); *Farmer v. Philadelphia Electric Co.,* 329 F.2d 3, 7 (3d Cir. 1964) (holding Executive Orders, different from those at issue here, and issued pursuant to statutory authority, to be "laws of the United States" for jurisdictional purposes but not intended to create private rights of action). *But cf. Braden v. University of Pittsburgh,* 343 F.Supp. 836, 840 (W.D.Pa.1972) (statutory source not explicitly identified), *vacated and remanded,* 477 F.2d 1 (3d Cir. 1973), *on remand,* 392 F.Supp. 118 (W.D.Pa.1975), *affirmed,* 552 F.2d 948 (3d Cir. 1977) (en banc).

The *Local 1498* and *Stevens* cases are consistent with this Court's statement in *Independent Meat Packers Association v. Butz,* 526 F.2d 228, 234 (8th Cir. 1975), *cert. denied,* 424 U.S. 966, 96 S.Ct. 1461, 47 L.Ed.2d 733 (1976), that "[p]residential proclamations and orders have the force and effect of law when issued pursuant to a statutory mandate or delegation of authority from Congress." In that case we did not discuss the jurisdictional question, but found that no specific statute authorized the Executive Order in question and a general constitutional authority cannot give an order the force and effect of law.[7]

Since we agree that the District Court did not have the power to consider the pendent state claim because it did not have jurisdiction over the federal claim, we affirm the judgment of the District Court.[8]

---

**7.** In holding that Executive Orders such as Nos. 11491 and 10988 are not "laws of the United States" for purposes of § 1331, we have no trouble distinguishing cases such as *Old Dominion Branch No. 496, National Association of Letter Carriers v. Austin,* 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974), which hold that Executive Orders (*Old Dominion* involved Executive Order No. 11491) preempt state law if that is their intent. These cases do not consider or discuss the jurisdictional issue presented here.

**8.** It is, of course, within a district court's discretionary power to dismiss a pendent state claim when the federal claim is disposed of before trial for reasons that are not jurisdictional in nature. *See CES Publishing Corp. v. St. Regis Publications, Inc.,* 531 F.2d 11, 15 (2d Cir. 1975); *Toensing v. Brown,* 528 F.2d 69, 72 (9th Cir. 1975); *Gibson v. First Federal Savings & Loan Association of Detroit,* 504 F.2d 826, 830–31 (6th Cir. 1974). In some circumstances it may be an abuse of discretion not to dismiss if the federal issue is resolved at that time. *See Nolan v. Meyer,* 520 F.2d 1276, 1280 (2d Cir.), *cert. denied,* 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975). Because we uphold the District Court's conclusion that it was without jurisdiction to entertain the pendent state claim, we do not reach the abuse of discretion issue.