686 F.2d 769
 111 L.R.R.M. (BNA) 2378
 Robert F. LEATH, Plaintiff,
American Federation of Government Employees, AFL-CIO; Local
1501 of AFGE; and Stan Standifer, in his capacity
as National Representative of AFGE,
Defendants/Third Party
Plaintiffs-Appellants,
v.
John STETSON, Secretary of the Air Force, in his official
capacity, and Ruth Prokop, Chair, Merit Systems
Protection Board, in her official
capacity, Third Party
Defendants-Appellees.
 No. 81-3125.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 2, 1982.
Decided Sept. 7, 1982.
 
 Herman L. Wacker, Vance, Davies, Roberts, Reid & Anderson, Seattle, Wash., for plaintiff.
 Capt. David Kerber, Dept. of the Air Force, Washington, D. C., argued, for third party defendants-appellees; Major Joseph G. Lynch, Dept. of the Air Force, Washington, D. C., on brief.
 Appeal from the United States District Court for the Western District of Washington.
 Before KENNEDY, FARRIS and NORRIS, Circuit Judges.
 FARRIS, Circuit Judge:
 
 
 1
 Robert Leath, a civilian United States Air Force employee at McChord Air Force Base, Washington, filed an action in the Superior Court for Pierce County, Washington, against his union, the American Federation of Government Employees, Local 1501, charging that it breached its duty of fair representation by failing to make a timely appeal of his discharge by the Air Force for misconduct to the Civil Service Commission, which was succeeded by the Merit Systems Protection Board.
 
 
 2
 The defendant Union brought a third-party action against the Secretary of the Air Force and the Chair of the Merit Systems Protection Board. The Union's first cause of action sought a right of contribution against the Air Force, in the event the Union was held liable against the employee, Leath, for having breached its duty of fair representation. Second, the complaint sought an order compelling the Board to review the substance of Leath's claim that he was wrongfully discharged. The action was then removed to the United States District Court for the Western District of Washington under the federal officer removal statute, 28 U.S.C. § 1442(a)(1) (1976). In response to the third-party complaint, the third-party defendants, the Air Force and the Board, moved to dismiss for lack of jurisdiction and for failure to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6). The Board also sought dismissal for lack of standing. Once in federal district court, and while the motion to dismiss was pending, the Union filed a motion for summary judgment seeking a dismissal of Leath's complaint filed against it in Superior Court. In the alternative, the Union moved for joinder of the Air Force and the Board under Fed.R.Civ.P. 21. The district court did not rule on the summary judgment motion or the motion for joinder, but granted the motion to dismiss and remanded the case back to the state court. The Union appeals the dismissal. No appeal has been made of the district court's failure to rule on the motion for summary judgment.[1]
 
 
 3
 The district court's reason for dismissing the Union's third-party action against the Air Force is unclear. The third-party claim against the Board was dismissed apparently on the ground that the Union lacked standing. We hold that the Air Force was immune from suit for contribution, and the Union lacked standing to pursue Leath's claims against the Board. We therefore affirm the dismissal.
 
 
 4
 On appeal, the Union is making the novel argument that we should create a right of contribution when a union representing employees in the federal sector breaches its duty of fair representation. Such a right was created by implication for private sector employees in Vaca v. Sipes, 386 U.S. 171, 195-98, 87 S.Ct. 903, 919-21, 17 L.Ed.2d 842 (1967), but we need not decide whether such a right of contribution against the government exists because there was no waiver of sovereign immunity.
 
 
 5
 In order for the federal district court to have jurisdiction to entertain the Union's third-party action against the Air Force, there must have been an unequivocal waiver of sovereign immunity, United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607 (1980); United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); Hill v. United States, 571 F.2d 1098, 1101 (9th Cir. 1978), and a substantive basis for relief, Testan, 424 U.S. at 400-01, 96 S.Ct. at 954; Hill, 571 F.2d at 1102-03. Whether the government consented to this suit is closely related to the issue of whether there was a substantive right of relief.
 
 
 6
 The Union argues that the Back Pay Act and Executive Order No. 11491 waived sovereign immunity by creating a substantive right of relief. We reject the argument.
 
 
 7
 During the period in question, Executive Order No. 11491, see 5 U.S.C. §§ 7301, 7101 (1976), regulated labor-management relations with respect to employees in the federal service. The Executive Order is not a law of the United States for purposes of giving district courts jurisdiction under the federal question statute, 28 U.S.C. § 1331 (1976). See, e.g., Manhattan-Bronx Postal Union v. Gronouski, 350 F.2d 451, 456 (D.C.Cir.1965), cert. denied, 382 U.S. 978, 86 S.Ct. 548, 15 L.Ed.2d 469 (1966); Kuhn v. National Association of Letter Carriers, 570 F.2d 757, 760-61 (8th Cir. 1978); Local 1498, American Federal of Government Employees v. American Federation of Government Employees, 522 F.2d 486, 491 (3d Cir. 1975); National Federation of Federal Employees, Local 1263 v. Commandant, Defense Language Institute, 493 F.Supp. 675, 681 n. 14 (N.D.Cal.1980). Further, in Vaca v. Sipes, the Supreme Court created the right of contribution against private sector unions by implication, 386 U.S. at 195-98, 87 S.Ct. at 919-21, and a waiver of sovereign immunity cannot be implied, United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607 (1980).
 
 
 8
 The Back Pay Act, 5 U.S.C. § 5596 (1976 & Supp.IV 1980), does not create a right of relief. See United States v. Testan, 424 U.S. 392, 405-07, 96 S.Ct. 948, 956-57, 47 L.Ed.2d 114 (1976). The Act provides relief only to employees who, on the basis of a timely appeal, are found by an appropriate authority to have been adversely and unjustifiably affected by an improper personnel action.
 
 
 9
 The Union's cause of action against the Board was properly dismissed without regard to whether Leath can seek judicial review of the Board's decision because the Union does not have standing to assert employee Leath's claims against the Board. The Union is not within the "zone of interests" protected by the Lloyd-LaFollette Act, 5 U.S.C. § 7501 (1976). Cf. Sierra Club v. Morton, 405 U.S. 727, 733, 92 S.Ct. 1361, 1365, 31 L.Ed.2d 636 (1972). See also American Federation of Government Employees, Local 1668 v. Dunn, 561 F.2d 1310, 1312-13 (9th Cir. 1977).
 
 
 10
 The district court had no jurisdiction over the Air Force, and the third-party action against the Board was properly dismissed for lack of standing. The district court therefore properly declined to rule on the motion for joinder.
 
 
 11
 Affirmed.
 
 
 
 [1]
 We do not address here whether the employee, Leath, has stated a claim against the Union upon which relief can be granted. The district court did not rule on the summary judgment motion to dismiss Leath's claims against the Union, and neither party appealed the court's decision not to rule on the issue. The district court correctly remanded the case back to the state courts after granting the motion to dismiss. This appeal decides only whether the Union's third-party cause of action against the Air Force and Board was properly dismissed