Lewis NERMAN, et al., Plaintiffs,

v.

ALEXANDER GRANT & COMPANY, et al., Defendants.

No. 84–1008–CV–W–9.

United States District Court,
W.D. Missouri, W.D.

Feb. 24, 1988.

Thomas C. Brown, Michael R. Thiessen, David R. Nachman, Brown & Thiessen, P.C., Kansas City, Mo. and John R. McFar-

land, James R. Keller, Coburn, Croft & Putzell, St. Louis, Mo., for plaintiffs.

Gene E. Voigts, Peter E. Strand, Shook, Hardy & Bacon, Kansas City, Mo., Alan S. Rutkoff, McDermott, Will & Emery, Chicago, Ill., for defendants.

ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION OF SEPTEMBER 24, 1987, ORDER, MODIFYING SEPTEMBER 24, 1987, ORDER AND DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFS

BARTLETT, District Judge.

On September 24, 1984, plaintiffs filed a complaint against defendants Alexander Grant & Company (Grant) and ten of its partners alleging violations of federal and state laws. After plaintiffs filed a second amended complaint, defendants moved for summary judgment.

On September 24, 1987, I granted defendants' motion and dismissed the complaint in its entirety. *See* 671 F.Supp. 649. The federal claims were dismissed on the merits. *Id.* at 652–64. The state claims were dismissed for lack of subject matter jurisdiction. *Id.* at 664.

On December 10, 1987, defendants filed a motion requesting a) reconsideration of the dismissal of the state claims for lack of subject matter jurisdiction; and b) dismissal of the state claims on the merits. For the reasons stated below, defendants' motion to reconsider the dismissal of the state claims for lack of jurisdiction will be granted. Defendants' motion to dismiss the state claims on the merits will be the subject of a separate order.

*Background*

In Counts I and II of the second amended complaint, plaintiffs asserted claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962 and § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and the Securities Exchange Commission's Rule 10b–5, 17 C.F.R. § 240.10b–5. In Counts III through IX of the complaint, plaintiffs alleged violations of the Missouri Securities Act (Mo.

Rev.Stat. § 409.411), the Missouri Merchandising Practices Act (Mo.Rev.Stat. § 407.020), breach of fiduciary duties, fraudulent misrepresentations, negligence, civil conspiracy and prima facie tort. Jurisdiction over the state claims was based on the doctrine of pendent jurisdiction.

After plaintiffs filed a second amended complaint, defendants moved for summary judgment on the entire complaint. Defendants argued that the RICO claim should be dismissed because plaintiffs failed to satisfy RICO's "pattern of racketeering activity" requirement. Defendants also argued that the federal securities claims and the pendent state claims should be dismissed because of the statute of limitations.

On September 24, 1987, I granted defendants' motion for summary judgment on the entire second amended complaint. 671 F.Supp. 649. I dismissed the RICO claim because plaintiffs failed to establish that Grant had engaged in a "pattern of racketeering activity," an essential element of RICO. *Id.* at 652–54. I dismissed the federal securities claims because the applicable statute of limitations had expired before plaintiffs filed their original complaint. *Id.* at 654–63. I dismissed the state law claims for lack of subject matter jurisdiction:

'The power to exercise pendent jurisdiction is grounded upon the existence of federal subject matter jurisdiction over some claim in the cause of action.' *Kuhn v. National Ass'n of Letter Carriers, Branch 5,* 570 F.2d 757, 759 (8th Cir.1978). Because summary judgment will be granted in defendants' favor on the federal claims contained in Counts I and II, no basis remains for federal subject matter jurisdiction over the state claims asserted in plaintiffs' second amended complaint. Therefore, counts III through IX must be dismissed for lack of subject matter jurisdiction.

*Id.* at 664.

In their motion for reconsideration, defendants contend that even though the federal claims were dismissed, I was not *compelled* to dismiss the state claims for lack of subject matter jurisdiction. Defendants argue that dismissal of the federal claims does not negate the court's "power" to adjudicate the state claims. Therefore, whether the state claims should be dismissed is discretionary. Defendants claim that judicial economy, convenience and fairness to the litigants suggest "strongly" that the state claims should not be dismissed on jurisdictional grounds.

Plaintiffs seek to pursue the state claims in state court. Therefore, plaintiffs argue that even if dismissal of the federal claims did not compel dismissal of the state claims for lack of jurisdiction, comity and fairness to the litigants justify their dismissal.

### Discussion

Pendent jurisdiction is a "judge-made doctrine of expediency and efficiency derived from the general Art. III language conferring power to hear all 'cases' arising under federal law or between diverse parties." *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 120, 104 S.Ct. 900, 918–19 (1984). Pendent jurisdiction should be exercised only when 1) the court has "power" to hear a claim; and 2) it is appropriate, under the circumstances of the case, for the court to exercise its discretion to consider the claim. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725–27, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966).

Judicial "power" to hear a pendent claim requires the existence of a "substantial" federal claim sufficient to confer subject matter jurisdiction on the court. *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138. Additionally, the state and federal claims must derive from a "common nucleus of operative fact." *Id.*

Plaintiffs do not argue and I do not find that the federal claims were not "substantial." Therefore, the federal claims were sufficient to confer subject matter jurisdiction on the court. Additionally, the federal and state claims derive from a common nucleus of operative fact. Accordingly, even though the federal claims were dismissed before trial, this court has the "power" to hear the state claims. *See Rheuport v. Ferguson,* 819 F.2d 1459, 1467

n. 13 (8th Cir.1987) ("where a plaintiff pleads a substantial federal claim, the federal courts may retain jurisdiction over pendent state claims even if the federal claim is dismissed, dropped, or otherwise fails at or before trial ...").

However, the existence of "power" to hear pendent state claims does not require that it be exercised:

> [P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims.... Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.

*Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139 (footnotes omitted).

Factors that should be considered in deciding whether to exercise jurisdiction over state claims when the federal claims have been dismissed include, but are not limited to, the amount of judicial time and energy invested in deciding the federal claims, the additional time and energy necessary for resolution of the state claims, whether the federal and state claims require similar types of proof, the difficulty of the state claims, whether the state claims raise unresolved questions of state law and the availability of a state forum and prejudice to the litigants. *Hess v. St. Joseph Police Pension Fund,* 788 F.2d 1344, 1346–47 (8th Cir.1986); *Koke v. Stifel, Nicolaus & Co., Inc.,* 620 F.2d 1340, 1345–47 (8th Cir.1980); *Kuhn v. National Ass'n of Letter Carriers, Branch 5,* 528 F.2d 767, 771 n. 6 (8th Cir.1976).

Here, defendants' argument that the state claims should be dismissed because the statute of limitations had expired is the same argument defendants made in support of dismissal of the federal securities claims. Both sides have already submitted extensive factual information and briefs in support of their positions. Additionally, I have already expended substantial time in analyzing the factual record presented by the parties. Therefore, the amount of additional time I will need to spend to consider defendant's statute of limitations attack on the state claims will be substantially less than the amount of time that another judge would have to spend.

Furthermore, on August 14, 1987, I granted, without opposition from plaintiffs, defendants' motion to consolidate this case with *Albert v. Grant Thornton,* 86–1237–CV–W–1. After I entered the September 24, 1987, order dismissing plaintiffs' federal claims in *Nerman,* the *Albert* plaintiffs voluntarily dismissed their federal claims. The remaining state claims in *Albert* are the same as the state claims asserted here but they have an independent jurisdictional basis, i.e., diversity of citizenship. Additionally, the defendants in *Albert* have recently filed a motion for summary judgment arguing that the state claims should be dismissed because of the statute of limitations. Therefore, the remaining state claims in *Albert* and defendants' arguments in support of their dismissal are the same as the state claims and the arguments advanced for dismissing these claims in this case. Because I must address defendants' effort to dismiss the state claims in *Albert,* it make sense for me to consider defendants' effort to dismiss the similar claims in this case.

These reasons for exercising pendent jurisdiction over the state claims significantly outweigh the availability of a state forum for resolution of the claims. In fact, exercise of jurisdiction will avoid the possibility of inconsistent rulings because I must address the effort to dismiss the *Albert* state claims.

For these reasons, it is hereby ORDERED that:

1) defendants' motion for reconsideration of the September 24, 1987, order is granted;

2) the portion of the September 24, 1987, order dismissing the state law claims in Counts III through IX for lack of subject matter jurisdiction is set aside; and

3) within 20 days from the date of this order, the parties shall file a supplemental brief designating which portions of the briefs previously filed address defendants' motion for summary judgment on Counts III through IX and providing, if necessary, any additional support for their arguments.