Arthur BERARDI, Appellant,

v.

SWANSON MEMORIAL LODGE NO. 48 OF THE FRATERNAL ORDER OF POLICE, Appellee.

No. 90–3329.

United States Court of Appeals, Third Circuit.

Argued Nov. 6, 1990.

Decided Dec. 5, 1990.

William P. Weichler (argued), Ambrose & Friedman, Erie, Pa., for appellant.

Frank L. Kroto, Jr., Kenneth W. Wargo (argued), Quinn, Gent, Buseck & Leemhuis, Erie, Pa., for appellee.

Before SLOVITER, SCIRICA and ALITO, Circuit Judges.

## OPINION OF THE COURT

ALITO, Circuit Judge:

Arthur Berardi, a retired Pennsylvania State Police Officer and former member of the Swanson Memorial Lodge No. 48 of the Fraternal Order of Police (the Lodge), filed a civil action against the Lodge under the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 401 *et seq.* The district court dismissed his complaint for lack of subject matter jurisdiction on the ground that the Lodge is not a "labor organization" within the meaning of the LMRDA. We will vacate this decision because the record at this juncture does not adequately support the trial court's holding.

## I.

Before the events that led to this litigation, Berardi was an honorary member of the Lodge. In late 1986, after proceedings that Berardi contends were procedurally defective, he was suspended from the Lodge for violating a provision of the constitution and bylaws of the Fraternal Order of Police prohibiting statements detrimental to that organization or any of its members. Berardi then sued under the LMRDA.

The Lodge moved under Fed.R.Civ.P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction. The Lodge contended that "an organization which represents only governmental employees" is not subject to the Act, and the Lodge submitted an affidavit stating that its active and honorary members are all either current or retired members of the Pennsylvania State Police. The affidavit also stated that the Lodge "does not undertake in any way to represent the interests of those of [sic] honorary members who are retired from the Pennsylvania State Police in regard to their relationship with the Pennsylvania State Police."

In response, Berardi submitted a brief arguing that "mixed" labor organizations— those whose membership includes both public and private employees—are subject to the Act. His brief noted that the Lodge's constitution permits both "honorary" members, who must be retired Pennsylvania State Police Officers, and "associate" members, who may be any "citizens of good moral character." His brief also asserted that some of the Lodge's active members had retired from the State Police and taken private employment. He did not submit any supporting affidavits.

In ruling on the motion to dismiss, the court agreed with Berardi that "mixed" labor organizations are subject to the LMRDA. The court also concluded that the Lodge is a "mixed" organization because its constitution permits certain individuals who are not current or retired state police officers to become associate members. The court nevertheless granted the motion to dismiss for a different reason. Relying on provisions of the Lodge's constitution stating that it is not a union, the court held that the Lodge was not subject to the Act because it did not represent any of its employees in labor negotiations as required by the LMRDA.

Berardi moved for relief from the judgment based on newly discovered evidence purportedly showing that the Fraternal Order of Police does represent its members in the role of a labor organization. He relied on a recent decision of the Commonwealth

Court in a case in which the Fraternal Order of Police had brought suit challenging the constitutionality of state statutes regulating pension benefits for police. *Pennsylvania State Lodge v. Commonwealth*, 131 Pa.Commw. 611, 571 A.2d 531 (1990). The district court denied this motion, observing that the case upon which Berardi relied was "distinguishable" and "not controlling." Berardi then filed a timely notice of appeal from the order dismissing his complaint.

## II.

■ Berardi first contends that the district court erred by looking beyond the allegations of his complaint in denying the motion to dismiss for lack of subject matter jurisdiction. Citing *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891–92 & n. 17 (3d Cir.1977), and *Gorman v. North Pittsburgh Oral Surgery Associates*, 110 F.R.D. 446 (W.D.Pa.1986), which in turn relied exclusively on *Mortensen*, Berardi contends that the factual basis for the jurisdictional allegations in a complaint cannot be disputed until after the answer is served. Although dictum in *Mortensen* seems to support Berardi's argument, we are convinced that the argument is wrong.

Long before *Mortensen*, the Supreme Court made clear that a facially sufficient complaint may be dismissed before an answer is served if it can be shown by affidavits that subject matter jurisdiction is lacking. In *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936), the plaintiff filed a diversity suit and sought injunctive relief. The defendant moved to dismiss before answering the complaint, contending that subject matter jurisdiction was lacking because, contrary to the allegations in the complaint, the amount in controversy did not meet the jurisdictional requirement. The Supreme Court held (299 U.S. at 278, 57 S.Ct. at 201) that the defendant's pre-answer motion reciting "facts dehors the complaint" was "an appropriate method of challenging the jurisdictional allegations of the complaint."

The Court explained that this motion required the trial judge to "inquire as to its jurisdiction before considering the merits of the prayer for preliminary injunction." *Id.* at 278, 57 S.Ct. at 201.

This court has followed this approach both before and after *Mortensen*. *See, e.g., International Association of Machinists v. Northwest Airlines*, 673 F.2d 700, 710–11 (3d Cir.1982); *Victory v. Manning*, 128 F.2d 415, 416 (3d Cir.1942); *see also Enka B.V. of Arnhem, Holland v. E.I. Du Pont de Nemours, Inc.*, 519 F.Supp. 356, 360 (D.Del.1981). Moreover, the requirement in Fed.R.Civ.P. 12(b) that a motion to dismiss for lack of subject matter jurisdiction must be made "before pleading if a further pleading is required" would make little sense if the factual basis for subject matter jurisdiction could not be contested until after an answer is filed. Accordingly, we hold that the district court properly looked beyond the allegations in Berardi's complaint in ruling upon the Lodge's motion to dismiss.

■ The district court erred, however, by dismissing Berardi's complaint on a ground not raised by the Lodge, because Berardi was not given an adequate opportunity to respond. Trial judges enjoy substantial procedural flexibility in handling Rule 12(b)(1) motions. *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947). But "the record must clearly establish that after jurisdiction was challenged the plaintiff had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing, in support of his jurisdictional contention." *Local 336, American Federation of Musicians, AFL–CIO v. Bonatz*, 475 F.2d 433, 437 (3d Cir.1973); *see also Neiderhiser v. Borough of Berwick*, 840 F.2d 213, 216 (3d Cir.1988). Berardi was not given such an opportunity here. Although he had a chance to respond to the Lodge's jurisdictional challenge, he had no opportunity before dismissal to respond to the substantially different theory adopted by the court.[1] Consequently, the dismissal of the

---

**1.** Furthermore, the district court's reliance ex-   clusively on the Lodge's constitution and bylaws

complaint on the ground chosen by the district court cannot be sustained at this juncture.

■ The Lodge contends that dismissal of the complaint should be affirmed on an alternative ground, *viz.*, that the Lodge is not governed by the LMRDA because it does not represent its members in dealing with private employers. Although we agree with the Lodge that the district court erred in its analysis of the provisions of the LMRDA that are relevant to this argument, we believe that the district court's order cannot be affirmed on this ground based on the present record.

Analysis of the Lodge's argument requires an examination of the jurisdictional and definitional provisions of the LMRDA. Under 29 U.S.C. § 412, any person whose rights under the LMRDA are infringed may bring suit against a "labor organization" in federal district court. 29 U.S.C. § 412. A "labor organization," as previously noted, is defined as an entity "which exists for the purpose, in whole or in part, of dealing with *employers*" concerning terms or conditions of employment. 29 U.S.C. § 402(i) (emphasis added). The term "employer" is defined to exclude "any State or political subdivision thereof," as well as the federal government and federal entities. 29 U.S.C. § 402(e). Thus, a "labor organization" must "exist[ ] for the purpose, in whole or in part, of dealing with" an employer other than federal, state, or municipal government. This means, as observed in *Local 1498, American Federation of Government Employees v. American Federation of Government Employees*, 522 F.2d 486, 490 (3d Cir.1975):

"[A] labor organization is not covered unless it represents, or is chartered to represent, or is actively seeking to represent 'employees' of an 'employer' as those terms are defined in the act." Smith, The Labor–Management Report-

ing and Disclosure Act of 1959, 46 Va.L. Rev. 195, 199 (1960).

*See also Hester v. International Union of Operating Engineers*, 818 F.2d 1537, 1541 (11th Cir.1987).

The mere fact that a union *admits* some members who work for private employers is not enough to bring the union within this definition. As the court in *Wright v. Baltimore Teachers Union*, 369 F.Supp. 848, 855 (D.Md.1974), aptly noted:

The real issue to be resolved is whether the defendant local has sought or is seeking to represent non-public employees. The question is one of representation not membership.

In the present case, therefore, the Lodge cannot be sued under the LMRDA unless it " 'represents, is chartered to represent, or is actively seeking to represent' " employees of a private employer. *Local 1498, American Federation of Government Employees*, 522 F.2d at 490, quoting Smith, *supra*, at 199. Clearly this requirement cannot be met by showing that the Lodge represents its active members, who are required to be Pennsylvania State Police Officers, in dealing with their primary employer, the Commonwealth of Pennsylvania. Theoretically, this requirement could be met by showing that the Lodge represents associate or honorary members in dealing with private employers. Conceivably this requirement might also be satisfied by showing that the Lodge represents active members in dealing with private employers with whom they have taken second jobs, if that is permitted. It is not apparent, however, that the Lodge in practice could perform any such representation, even if it wished to do so, since any privately employed members may work for a variety of employers in a variety of fields.

Nevertheless, we cannot affirm the dismissal of Berardi's complaint on the ground urged by the Lodge. "An appellate court may affirm a result reached by the district court on reasons that differ so long

in deciding whether it represents members appears inconsistent with 29 C.F.R. 451.3(a)(2) ("In determining whether a given organization exists wholly or partially for such purpose, con-

sideration will be given not only to formal documents, such as its constitution or bylaws, but the actual functions and practices of the organization as well").

as the record supports the judgment." *Johnson v. Orr,* 776 F.2d 75, 83 n. 7 (3d Cir.1985). In this case, the state of the record precludes such a disposition. In order to attack the factual basis for jurisdiction, the Lodge was required to submit affidavits or other proof addressing the ground on which federal jurisdiction was invoked. The Lodge's affidavit, however, did not adequately controvert Berardi's claim of jurisdiction under the LMRDA, since the affidavit did not assert that the Lodge does not represent members in dealing with private employers. For example, the affidavit made no mention of associate members, and with respect to the honorary members asserted only that the Lodge "does not undertake in any way to represent" their interests "in regard to their relationship *with the Pennsylvania State Police*" (emphasis added). Because of the deficiencies in the Lodge's affidavit, its factual attack was defective, and therefore the dismissal of Berardi's complaint cannot be affirmed.

On remand, the Lodge will have the opportunity to submit affidavits or other appropriate proof showing that it does not represent members in dealing with private employers. If the Lodge submits the requisite support, Berardi will have the burden to show that the district court has jurisdiction. *KVOS, Inc.,* 299 U.S. at 278, 57 S.Ct. at 201; *Mortensen,* 549 F.2d at 891; *Intern. Ass'n of Machinists,* 673 F.2d at 711. Unless he can allege in accordance with Fed.R.Civ.P. 11 and thereafter prove that the Lodge engages in such representation, his complaint should be dismissed before the court considers the merits of his claim.

In conclusion, the order of the district court dismissing the complaint will be vacated and the case will be remanded for proceedings consistent with this opinion.