**ALD-014**                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2502
_____

ANTHONY WHITE,
                                                    Appellant

v.

DETECTIVE OFFICER CHRISTIAN BROWN;
DETECTIVE OFFICER KLINE; MARTIN B. O'CONNOR

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 08-cv-00606)
District Judge:  Honorable Eduardo C. Robreno[*]

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 21, 2010
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed November 4, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

      Anthony White, a Delaware state prisoner, appeals pro se from an order of the

_____

[*] Due to a vacant judgeship in the District of Delaware, this case was assigned to the
Honorable Eduardo C. Robreno of the Eastern District of Pennsylvania.

United States District Court for the District of Delaware granting summary judgment to the defendants. Since the District Court's ruling was proper and this appeal does not present a substantial question, we will summarily affirm.

I.

The present action arises from White's arrest and prosecution for the armed robbery of the Forman Mills Store in Delaware. Two men, one of whom had braided hair, robbed the store on Christmas Eve of 2006. Detective Christian Brown began investigating the crime and, using images of the perpetrators from surveillance video, prepared a flyer seeking information. Detective Ronald Kline saw the flyer and remarked to Brown that one of the suspects resembled White.

Brown subsequently interviewed Jesse McCrae, the store security guard, who stated that he had observed at least one of the suspects at a close distance. Brown created a photo array that included a picture of White in which his hair was braided, and McCrae immediately identified White as the perpetrator with the braided hair. Based on McCrae's identification, Brown prepared an affidavit of probable cause and acquired an arrest warrant for White and a search warrant for his residence. White was arrested and his residence searched, yielding an illegal handgun and marijuana. Due to a prior felony conviction, White was prohibited from possessing a firearm. At his deposition, White testified that, while executing the search warrant, officers found pictures dated October 7, 2006, and December 3, 2006, in which White had short, unbraided hair.

Martin O'Connor was assigned to prosecute the case against White and indicted

White for various offenses related to the robbery and the marijuana. White was subsequently reindicted and charged with an additional offense of possession of a firearm by a person prohibited in connection with the firearm recovered from his residence (the "firearm charge"). White pled guilty to the firearm charge in exchange for the dismissal of the remaining charges against him and was ultimately sentenced. His conviction has not been vacated.

White filed a pro se amended complaint, pursuant to 42 U.S.C. § 1983, against McCrae, O'Connor, and Detectives Brown and Kline, based on White's implication in and arrest and prosecution for the robbery. White alleged that the defendants falsely arrested and imprisoned him, maliciously prosecuted him, and conspired to violate his constitutional rights. He sought nominal, compensatory, and punitive damages.[1]

The District Court sua sponte dismissed the claims against McCrae because he is not a state actor subject to liability under § 1983, but permitted the remainder of the lawsuit to proceed.[2] After a brief discovery period, the defendants moved for summary

---

[1] Even under a liberal pleading standard, we (like the District Court) do not read White's amended complaint to challenge the search of his residence.

[2] Although private parties may not be subjected to liability under § 1983 in their own right, "a private party can be liable under § 1983 if he or she willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right." Max v. Republican Comm. of Lancaster Cnty., 587 F.3d 198, 203 (3d Cir. 2009). Thus, the District Court should not have dismissed the conspiracy claim against McCrae. However, as discussed below, White cannot establish that his constitutional rights were violated in connection with his arrest and prosecution nor that defendants maintained any illegal agreement. Thus, his claim against McCrae necessarily would have failed even if it was permitted to proceed.

judgment.  In connection with their motion, the defendants submitted, among other things, Brown's affidavit of probable cause; the docket from White's criminal case; the October 7, 2006 and December 3, 2006 pictures; and affidavits of Brown, Kline, and O'Connor.  The defendants also submitted an email from Joseph Hurley, White's counsel in an unrelated case, to O'Connor stating, "I heard that your 'frameup' of 'Ant' on the Forman Mills robbery was revealed.  What happened, bro?"  (Defs.' App'x to Opening Br. in Supp. of Mot. for Summ. J. A000109.)  O'Connor attested that he became aware of the email after White filed it with the District Court, that he had no recollection of receiving it, and that he was not aware of or involved in any "setup."  (O'Connor Aff. ¶ 6.)  White responded that summary judgment was inappropriate, predominately based on Hurley's email and the photographs in which he has short hair.

The District Court granted summary judgment to the defendants, holding that White could not establish a violation of his constitutional rights, that Brown and Kline were entitled to qualified immunity from White's claims, and that O'Connor was entitled to absolute immunity.  White timely appealed.

## II.

The District Court had jurisdiction over White's claims under 28 U.S.C. §§ 1331 and 1343.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of an order granting summary judgment is plenary.  Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002).  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to

4

any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). We must "view all evidence and draw all inferences in the light most favorable to the non-moving party . . . ." Startzell v. City of Phila., 533 F.3d 183, 192 (3d Cir. 2008). We may summarily affirm if no substantial question is presented by the appeal, see 3d Cir. LAR 27.4; 3d Cir. IOP 10.6, and may affirm on any ground supported by the record. Berardi v. Swanson Mem'l Lodge No. 48, 920 F.2d 198, 201-02 (3d Cir. 1990).

First, the District Court properly granted summary judgment on White's false arrest and false imprisonment claims. To succeed on such claims, a plaintiff must establish that probable cause was lacking for his arrest and related detention. See Groman v. Twp. of Manalapan , 47 F.3d 628, 634-36 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995). "Probable cause exists if there is a fair probability that the person committed the crime at issue," see also Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000) (quotations omitted), and "does not depend on whether the suspect actually committed any crime." Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005).

Probable cause existed for White's arrest because it was reasonable for Brown to believe, based upon McCrae's immediate and ostensibly reliable identification, that

5

White was one of the armed robbers.[3] Even if the detectives came across recent pictures of White with short hair during the execution of the search warrant, that would not vitiate probable cause. See Wilson, 212 F.3d at 790-92 (probable cause existed for arrest based on eyewitness identification of plaintiff and witness's observation of plaintiff near crime scene despite the fact that the perpetrator was described as an individual four to seven inches taller than plaintiff and that one of the victims did not identify plaintiff in a photo array). Moreover, there is simply no evidence, despite White's assertions, that McCrae's identification was coerced or that Brown made any material false statements or omissions in applying for the warrant.

Second, the District Court correctly granted summary judgment to the defendants on White's malicious prosecution clam. "To prevail on a malicious prosecution claim under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal

_____

[3] In his response to the defendants' motion, White also takes issue with his arrest for illegal possession of the gun found at his residence, because the gun allegedly belonged to his sister. Since White's amended complaint is premised on his arrest and prosecution for the robbery, this theory was not adequately pled. Regardless, documents filed by White establish that, although White's sister purchased the gun, his stepfather told police that the gun belonged to White and that he had seen White with the gun on several occasions. Those facts are sufficient to establish probable cause to arrest White on the firearm charge.

proceeding." See McKenna v. City of Phila., 582 F.3d 447, 461 (3d Cir. 2009). To satisfy the second element – favorable termination – the "prior criminal case must have been disposed of in a way that indicates the innocence of the accused . . . ." Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009) (en banc).

White cannot establish that he was maliciously prosecuted for offenses related to the robbery because the underlying criminal proceeding did not terminate in a manner reflecting White's innocence of the charged offenses.[4] White pled guilty to the firearm charge in exchange for dismissal of the remaining charges against him, i.e., the charges based upon the robbery and the marijuana found at his residence. That the dismissal of those charges resulted from White's plea agreement with the prosecution, and not his innocence, means that he cannot establish favorable termination for purposes of a § 1983 action for malicious prosecution. See Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002) (a grant of nolle prosequi that does not establish actual innocence cannot be used as a basis for establishing malicious prosecution).

Finally, the District Court properly granted summary judgment on White's conspiracy claims because White cannot establish an underlying violation of his constitutional rights. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238,

---

[4] To the extent that White brings a malicious prosecution claim for the firearm charge, see supra note 3, he has no cognizable § 1983 claim because he pled guilty and his conviction has not been reversed or vacated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If White seeks to challenge his guilty plea, he is limited to filing a petition for a writ of habeas corpus or other appropriate petition for post-conviction relief.

7

254 (3d Cir. 1999) ("In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right."). Furthermore, there is no evidence of any agreement among the defendants pertaining to White's arrest and prosecution. Hurley's email, which White primarily relies upon, is inadmissible hearsay that cannot be used to overcome summary judgment. See Smith v. City of Allentown, 589 F.3d 684, 693 (3d Cir. 2009) ("Hearsay statements that would be inadmissible at trial may not be considered for purposes of summary judgment.").

For the foregoing reasons, we will summarily affirm the District Court's grant of summary judgment to Brown, Kline, and O'Connor.[5] We also deny White's motion for counsel. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).

---

[5] White's amended complaint appears to assert a due process claim based upon the defendants' failure to return property seized from his residence despite termination of the criminal proceeding. However, White's response to the defendants' motion for summary judgment and exhibits attached thereto illustrate that he never claimed the disputed property himself, but is instead attempting to recover it on his mother's behalf. Since White is asserting his mother's rights, not his own, he lacks standing to bring this claim. See Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 298-99 (3d Cir. 2003) ("In general, a litigant may assert only his own legal rights or interests, and can not 'rest a claim to relief on the legal rights or interests of third parties.'") (quoting Powers v. Ohio, 499 U.S. 400, 410 (1991). Thus, the District Court's failure to address that claim in granting summary judgment was harmless.