GLD-087                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3092
_____

EZZIE MCINTYRE,
                                        Appellant

v.

COUNTY OF CENTRE; KAREN ARNOLD; Judge CHARLES BROWN, JR.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-02014)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 13, 2011
Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: February 11, 2011)
_____

OPINION
_____

PER CURIAM

Ezzie McIntyre appeals pro se from the dismissal of his amended complaint and

denial of his motion for reconsideration.  For the following reasons, we will summarily

affirm.

I.

On April 12, 1999, McIntyre pled guilty to robbery and was sentenced to a mandatory minimum of five to ten years of incarceration. In March 2000, he filed a petition seeking post-conviction relief, asserting that his plea was invalid. The PCRA court appointed Amy Burd to represent McIntyre but, due to her failure to amend McIntyre's petition or file a brief on his behalf, the proceeding was delayed. McIntyre received a new attorney in April 2007, who successfully litigated McIntyre's petition. On December 13, 2007, the PCRA court permitted McIntyre to withdraw his plea. He thereafter entered a new guilty plea and was sentenced to three-and-a-half to seven years incarceration, with credit given for the time already served.[1]

On October 15, 2009, McIntyre filed his pro se complaint, pursuant to 42 U.S.C. § 1983, against Centre County; Karen Arnold, the assistant district attorney who prosecuted his case; and Judge Charles Brown, Jr., the judge who sentenced him. He subsequently amended his complaint, adding as defendants Ronald McGlaughlin, the attorney appointed to represent him at his initial sentencing, and Burd.[2]

Although it is not entirely clear from McIntyre's filings, it appears that Brown, Arnold, and McGlaughlin all believed that 42 Pa. Cons. Stat. Ann. § 9712, which imposes a mandatory minimum sentence of five years on a person who visibly possesses a firearm during the commission of a crime of violence, applied to McIntyre even though

---

[1] Although McIntyre completed his sentence on the robbery offense, a search of public records reveals that he was again incarcerated after pleading guilty to a February 2008 assault.

[2] Since the amended complaint suggested that McIntyre sought damages from McGlaughlin and Burd, the District Court construed it as adding those two individuals as defendants. We will do the same.

it did not. It therefore appears that McIntyre's plea was invalid because he had been misinformed as to the range of permissible sentences applicable to his case. According to McIntyre, by the time the error was corrected, he had served almost nine years on the initial improper sentence. He therefore sought monetary damages as a result of his "illegal plea," "illegal sentence," and McGlaughlin and Burd's ineffective assistance.

The District Court dismissed McIntyre's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court first concluded that the claims were likely barred by Heck v. Humphrey, 512 U.S. 477 (1994), because "any award would seemingly imply the invalidity of [McIntyre's] conviction and sentence on the same underlying robbery charges." Regardless, the District Court found that the suit was subject to dismissal because none of the individual defendants was amenable to a § 1983 suit for damages.[3] McIntyre filed a timely motion for reconsideration, which District Court denied. McIntyre then timely appealed.

## II.

The District Court possessed jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1343. Our jurisdiction arises under 28 U.S.C. § 1291. Since McIntyre's timely appeal from the denial of his motion for reconsideration "brings up the underlying judgment for review," we will review the District Court dismissal of the amended complaint as well as its denial of the motion for reconsideration. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). We may summarily affirm if no substantial question is presented by the appeal, see 3d Cir. LAR 27.4; 3d Cir. IOP

---

[3] The District Court did not specifically address Centre County's liability.

10.6, and may affirm on any ground supported by the record. Berardi v. Swanson Mem'l Lodge No. 48, 920 F.2d 198, 201-02 (3d Cir. 1990).

We doubt the correctness of the District Court's conclusion that McIntyre's claims are barred by Heck, since a damages award for the excess amount of time McIntyre served on his initial improper sentence does not necessarily imply the invalidity of his subsequent conviction and sentence. However, we will nevertheless summarily affirm because the individual defendants are not amenable to suit under § 1983 and McIntyre has failed to state a claim against Centre County.

Brown and Arnold are entitled to absolute immunity because McIntyre seeks damages from them based upon actions taken by Brown in his judicial capacity and by Arnold while she was acting as the Commonwealth's advocate in a criminal proceeding. See Donahue v. Gavin, 280 F.3d 371, 377 n.15 (3d Cir. 2002) ("[A] prosecutor is absolutely immune [from a § 1983 suit seeking damages] when acting as an advocate in judicial proceedings."); Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts."). McGlaughlin and Burd are likewise not subject to § 1983 liability because they are not state actors. See Black v. Bayer, 672 F.2d 309, 314 (3d Cir. 1982) (court appointed defense counsel in criminal proceedings does not act under color of state law), abrogation on other grounds recognized by, D.R. ex rel. L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1368 n.7 (3d Cir. 1992); see also Polk Cnty. v. Dodson, 454 U.S. 312, 324-25 (1981).

Finally, McIntyre fails to state a claim against Centre County because he did not

4

allege that the constitutional violations of which he complains stemmed from an official policy or custom of the county. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978). Instead, McIntyre's amended complaint and his other submissions illustrate that he seeks to impose respondeat superior liability on Centre County. Such a claim is not cognizable under § 1983. Id. ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."). Since McIntyre's § 1983 lawsuit clearly fails against all of the defendants, he has not presented a substantial question for review. We will therefore summarily affirm the dismissal of his amended complaint.[4]

---

[4] We will also affirm the District Court's denial of the motion for reconsideration. In that motion, McIntyre, in response to the District Court's observation that a legal malpractice suit was the proper remedy against his attorneys, explained that he had in fact filed such a suit but that the state court – incorrectly in his opinion – dismissed the suit as untimely and frivolous. He also specified which of his constitutional rights he believed to have been violated by the defendants' conduct, adding allegations that his sentence was the product of race discrimination. The District Court correctly recognized that it was without authority to review the state court's rulings and that McIntyre's additional allegations did not affect its prior ruling.