**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3372
_____

ANNA E. CHARLTON; GARY L. FRANCIONE,
                                        Appellants

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the District Court
for the District of New Jersey
(No. 2-13-cv-05236)
District Judge:  Hon. William J. Martini

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2015

Before:  CHAGARES, JORDAN, and BARRY, <u>Circuit Judges</u>.

(Filed: April 28, 2015)
_____

OPINION[*]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

        Plaintiffs Anna E. Charlton and Gary L. Francione, husband and wife, appeal the

District Court's grant of the motion to dismiss by the defendant, John Koskinen,

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Commissioner of Internal Revenue ("Commissioner"). For the reasons that follow, we will affirm.

I.

The Internal Revenue Service ("IRS") issued deficiency notices separately to Charlton and Francione according to which it appeared that the plaintiffs' entire tax liability for 2000, 2002, 2003, and 2004 ("the tax years") had not been paid.

Charlton alone sought a determination as to the deficiencies in the United States Tax Court. (Appendix ("App.") 24-27). For each of the years in question, the IRS agreed that she owed no taxes, and the IRS prepared stipulations of settlement for each tax year in question that were signed by Charlton and by the IRS and submitted to the tax court. As a result, the tax court entered final judgments for each of the years in question saying that there was no deficiency of tax due. In the decisions regarding the 2000, 2003, and 2004 disputes, Charlton is listed as the sole petitioner, and the language of each decision refers only to the deficiency in tax due from "petitioner" in the singular. See App. 24–27. In the opinion concerning the 2002 tax liability, Judge Joseph Gale of the tax court specifically noted that Charlton and the IRS had agreed that "petitioner would not attempt to raise the issue of her filing status" as a joint or single filer. Addendum to Commissioner Br. 69.

In August of 2013, the plaintiffs filed suit pro se in District Court for the District of New Jersey, alleging that the Commissioner did not amend their tax records to reflect the settlements for the tax years, and so the tax records still showed that Charlton and Francione had tax deficiencies. They alleged that as a result, the IRS assessed penalties

2

and interest against them; sent them automated collection demands for payment; and engaged in forced collection, issuing levies against their funds and wages. The plaintiffs sought relief pursuant to 28 U.S.C. § 1361, the mandamus statute, framing their petition as a request to the District Court to compel the Commissioner to perform his ministerial duty by adjusting their accounts to reflect the final judgments of the tax court.[1]

The IRS moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The District Court read the Rule 12(b)(1) motion as a factual challenge (rather than a facial challenge) to its jurisdiction, as discussed further below. The District Court thus considered facts outside of the complaint in resolving the motion, including a declaration by IRS Officer Margaret Loftus, who was assigned to collect taxes from Francione ("the Loftus Declaration"). According to the Loftus Declaration, the IRS was not attempting to collect for either taxpayer for 2000 and 2003, and for 2002 and 2004, it was attempting to collect only from Francione, and not from Charlton.

The District Court read the complaint as seeking declaratory and injunctive relief, rather than mandamus relief, and held that it did not have jurisdiction to provide such relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and the Anti-Injunction Act, 26 U.S.C. § 7421(a). The District Court found that the IRS was not attempting to collect from Charlton. Finally, it concluded that the exception set forth in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), which allows suit under the

---

[1] Shortly after filing their complaint, the plaintiffs also filed a motion for a preliminary injunction seeking to enjoin what they alleged were the Commissioner's improper collection activities. While the defendant's motion to dismiss was pending, the plaintiffs, who are both law professors and had initially appeared pro se, retained counsel and withdrew their motion for a preliminary injunction.

Anti-Injunction Act where it is clear that the Government cannot prevail and where equity jurisdiction otherwise exists, did not apply because Francione had an adequate remedy at law in the form of a refund suit. As a result, the District Court granted the motion to dismiss and dismissed the complaint with prejudice.

The plaintiffs timely appealed.

II.

The District Court found that it lacked subject-matter jurisdiction. We exercise subject-matter jurisdiction pursuant to 28 U.S.C. § 1291.

We review the District Court's grant of the motion to dismiss de novo. See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). We thus apply the same standard as the District Court, and so in reviewing the Commissioner's Rule 12(b)(1) motion, we must first determine whether it presents a facial attack – that is, a challenge to the sufficiency of the pleadings – or a factual attack – a factual challenge to the court's jurisdiction, independent of the pleadings. See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In evaluating a factual attack, a court "may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). Moreover, "no presumptive truthfulness attaches to plaintiff's allegations, and . . . the plaintiff [has] the burden of proof that jurisdiction does in fact exist." Mortensen, 549 F.2d at 891.

In reviewing District Court's grant of a motion to dismiss pursuant to Rule 12(b)(6), like the District Court, we accept as true all factual allegations in the complaint

4

and we construe the complaint in the light most favorable to the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). We consider only facts alleged in the complaint, attached exhibits, and matters of public record. See Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). We affirm a dismissal only if the plaintiff has failed to plead "'enough facts to state a claim to relief that is plausible on its face.'" Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The plaintiffs brought suit under 28 U.S.C. § 1361, pursuant to which district courts have jurisdiction over mandamus actions against officers and employees of the United States and federal agencies. As the Supreme Court has explained, "mandamus . . . is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984).

III.

With regard to Charlton's claims, the District Court was correct to treat the Rule 12(b)(1) motion as a factual attack. Charlton alleged that the Commissioner was seeking to collect sums that were not due from her for the tax years. The Loftus Declaration made clear that the Commissioner was not attempting to do so. Because there was no collection action against Charlton, she had no injury, and thus no standing to sue. See Reilly v. Ceridian Corp., 664 F.3d 38, 41 (3d Cir. 2011) ("[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues," and it "requires an injury-in-fact, which is an invasion of a legally

5

protected interest . . . .") (alteration in original) (quotation marks omitted).[2] The District

Court thus correctly dismissed Charlton's claims.

Francione cannot establish an entitlement to mandamus relief, because he cannot

show that he has no other remedy at law. He has at least one other remedy – he can bring

a refund suit. A refund suit is an adequate remedy at law. See Bob Jones Univ. v.

Simon, 416 U.S. 725, 746 (1974) (A refund action "offer[s] petitioner a full, albeit

delayed, opportunity to litigate the legality of the" IRS's collection action.). Before the

District Court, Francione argued that he cannot bring a refund suit because Charlton's

suit before the tax court constituted a determination of Francione's claims that barred

further litigation with regard to those claims under Commissioner v. Sunnen, 333 U.S.

591, 598 (1948). But Francione was not a party to the Tax Court litigation, and by their

terms the orders resolving Charlton's disputes for each tax year applied only to Charlton.

Francione's claims have never been adjudicated, and he would not be barred from

---

[2] We have explained that "[i]n evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim," Schering Plough, 678 F.3d at 243. But where the defendant raises a factual challenge to jurisdiction based on lack of standing, the District Court may treat it as such and review matters outside of the pleadings. See Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith, Inc., 684 F.3d 413, 417 (3d Cir. 2012). Placing the burden on the plaintiff under a factual challenge comports with the well-established principle that "the party seeking to invoke federal court jurisdiction[] shoulders the burden of establishing his standing to sue." Id. at 418. Moreover, contrary to the plaintiffs' assertion that the Loftus Declaration "did not even attempt to controvert the factual allegations of the Complaint that establish federal jurisdiction," Charlton Br. 17, the Loftus Declaration did just that – it controverted the allegation that the Commissioner was attempting to collect taxes from Charlton for the tax years. This is the type of "affidavit[] or other proof addressing the ground on which federal jurisdiction was invoked" that we required in Berardi v. Swanson Memorial Lodge, 920 F.2d 198, 202 (3d Cir. 1990), on which plaintiffs rely.

6

bringing a refund action. Francione has thus failed to state a claim for which mandamus relief can be granted, and dismissal under Rule 12(b)(6) is appropriate.[3]

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] Though the District Court did not make clear whether it dismissed Francione's claims under Rule 12(b)(1) or 12(b)(6), the final sentence of the District Court's analysis suggests that it did so under Rule 12(b)(1). See App. 5 ("Accordingly, the Court will grant Defendant's motion to dismiss for lack of subject matter jurisdiction."). Nevertheless, we may affirm the District Court on any ground supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).