**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2467
_____

LAN TU TRINH,
                              Appellant

v.

DAVID FINEMAN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-02305)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 12, 2019

Before:  SHWARTZ, RESTREPO and RENDELL, Circuit Judges

(Opinion filed  November 14, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lan Tu Trinh appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which dismissed for lack of subject matter jurisdiction her complaint against David Fineman.

Trinh's complaint alleged that Fineman was appointed as a receiver in a state court case involving the dissolution of her beauty school. The complaint accuses Fineman of not giving her a proper accounting of the escrow account related to that case and accuses him of "the theft of my properties on behalf of the Court of Common Pleas for Kathleen Trinh's benefit." Dkt. #1 at 6. Both the cover sheet and the complaint itself claim "Federal Question" jurisdiction. The complaint's cover sheet states that the federal question is "investigation, crime," Dkt. #1 at 1, and in the form complaint's area for explaining the basis of the Federal Question Trinh stated: "The courts in Pennsylvania have denied my appeals, so I ask for the district court to hear my case," Dkt. #1 at 2.

The District Court sua sponte dismissed Trinh's complaint without prejudice for lack of subject matter jurisdiction. The Court stated that Trinh "does not allege any claims arising under federal law or that the parties are citizens of different states." Dkt. #3 at n.1. Trinh timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal for lack of subject matter jurisdiction is plenary. FOCUS v. Allegheny Cty. Court of Common Pleas, 75 F.3d 834, 839-40 (3d Cir. 1996).

2

As we recently explained in two of Trinh's other appeals, "In order to have subject matter jurisdiction, a District Court must be able to exercise either federal question jurisdiction or diversity jurisdiction.  See 28 U.S.C. §§ 1331-1332."  Trinh v. Office of Records City of Phila., C.A. No. 18-3473, and Trinh v. Trinh, C.A. No. 18-3485, 2019 WL 30634542, at *1 (3d Cir. July 12, 2019).  We further explained that although a District Court may sua sponte consider whether a plaintiff has satisfied the burden of alleging facts that show that the Court has jurisdiction, the Court should give the plaintiff an opportunity to be heard before dismissing a complaint for lack of subject matter jurisdiction.  Id. at *2 (citing Neiderhiser v. Borough of Berwick, 840 F.2d 213, 216 n.6 (3d Cir. 1988), and Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990)).[1]

The District Court properly determined that Trinh's complaint, as filed, does not establish subject matter jurisdiction.  Trinh did not base her complaint on diversity jurisdiction (it appears that she and the defendant are from the same state).  And Trinh's complaint does not cite any federal statute or constitutional provision that would invoke federal question jurisdiction.

---

[1] As in the cases involved in those appeals, Trinh paid the filing fees in the District Court, so the screening provisions of 28 U.S.C. § 1915(e) are not applicable.

We are doubtful that Trinh can state a basis for federal subject matter jurisdiction.[2]  <u>See</u> <u>Cardona v. Bledsoe</u>, 681 F.3d 533, 535 (3d Cir. 2012) ("Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute.") (quoting <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)).  But because the District Court did not give Trinh the opportunity to respond or amend her complaint to properly allege federal question jurisdiction, <u>see</u> <u>Neiderhiser</u>, 840 F.2d at 216 n.6, we will vacate the District Court's judgment and remand for further proceedings.  On remand, the District Court should provide Trinh with an opportunity to either respond to the issue of jurisdiction or amend her complaints to properly allege federal question jurisdiction.  <u>See</u> 28 U.S.C. § 1653; <u>St. Francis Med. Ctr. v. Sullivan</u>, 962 F.2d 1110, 1117 (3d Cir. 1992).

---

[2] We note that to the extent Trinh sought to bring a criminal charge against Fineman, a private party has no right to enforce criminal statutes.  <u>See</u> <u>Leeke v. Timmerman</u>, 454 U.S. 83, 85-86 (1981) (per curiam).  Trinh is also advised that a federal court cannot exercise appellate review over a state court judgment.  <u>See</u> <u>Great W. Mining & Mineral Co.</u>, 615 F.3d 159, 165-66 (3d Cir. 2010).