**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2336
_____

LAN TU TRINH,
                                        Appellant

v.

MICHAEL TRINH
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-01945)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2022

Before: KRAUSE, BIBAS and SCIRICA, Circuit Judges

(Opinion filed February 3, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Lan Tu Trinh appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which dismissed for lack of subject matter jurisdiction her complaint against Michael Trinh.

Trinh's complaint alleged that Michael Trinh "committed fraudulent acts and participated in criminal activity to steal [her] properties in [state] court proceedings." Dkt. #1 at 6. The cover sheet and the complaint claim "Federal Question" jurisdiction and state that the federal question is "investigation." Dkt. #1 at 2, 4. For relief, Trinh requested that the court "stop the fraudulent and criminal activities so that [she] can have a peaceful and normal life." Dkt. #1 at 6.

The District Court sua sponte dismissed Trinh's complaint without prejudice for lack of subject matter jurisdiction. The Court noted that the complaint was "the third action that Lan Trinh has filed in this Court in recent months against Michael Trinh in connection with what appears to be a family business dispute." Dkt. #4 at n.1. The Court explained that Trinh had failed to allege any basis for a claim under federal law or diversity jurisdiction, as was the case in her other actions. Trinh timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal for lack of subject matter jurisdiction is plenary. FOCUS v. Allegheny Cnty. Ct. of Common Pleas, 75 F.3d 834, 839-40 (3d Cir. 1996).

As we explained in Trinh's other appeals, "In order to have subject matter jurisdiction, a District Court must be able to exercise either federal question jurisdiction or diversity jurisdiction. See 28 U.S.C. §§ 1331-1332." Trinh v. Off. of Recs. City of Phila., 779 F. App'x 118, 119-20 (3d Cir. 2019); see also Trinh v. Fineman, 784 F. App'x

2

116, 117 (3d Cir. 2019). As the plaintiff in this case, Trinh was required to plead the grounds for jurisdiction. See Fed. R. Civ. P. 8(a)(1); Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 106 (3d Cir. 2015). Pursuant to § 1332(a)(1), federal district courts have subject matter jurisdiction when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. To establish diversity of citizenship, "diversity must be complete; that is, no plaintiff can be a citizen of the same state as any of the defendants." Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). Here, as was the case in Trinh's prior lawsuits, the District Court again concluded that all parties are citizens of Pennsylvania. ECF No. 4 at 1. Trinh has not challenged that conclusion in her brief, and we see no basis for such a challenge.

Nor has Trinh shown subject matter jurisdiction based on a federal question pursuant to § 1331. For federal question jurisdiction to exist, "the party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." Goldman v. Citigroup Glob. Mkts. Inc., 834 F.3d 242, 249 (3d Cir. 2016). Trinh did not refer to any federal law in her complaint and her vague assertions concerning "fraudulent acts" regarding a property dispute are insufficient to invoke federal jurisdiction. See, e.g., Fabrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc., 682 F.3d 26, 33-34 (1st Cir. 2012).[1]

---

[1] To the extent that Trinh sought to impose criminal liability on Michael Trinh, she lacked standing to do so. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

3

Generally, while a District Court may sua sponte consider whether a plaintiff has satisfied the burden of alleging facts that show that the Court has jurisdiction, the Court should give the plaintiff an opportunity to be heard before dismissing a complaint for lack of subject matter jurisdiction. See Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Ord of Police, 920 F.2d 198, 200 (3d Cir. 1990); Neiderhiser v. Borough of Berwick, 840 F.2d 213, 216 n.6 (3d Cir. 1988). However, in this case, we are satisfied that providing Trinh yet another opportunity to do so would be futile. Trinh has filed multiple lawsuits against Michael Trinh that have been dismissed for her failure to allege any basis for federal jurisdiction. Moreover, Trinh has not raised any colorable basis for jurisdiction in her complaint or in her brief on appeal, and she has previously failed to respond when given additional opportunities to establish jurisdiction. See, e.g., Trinh v. Trinh, E.D. Pa. Civ. No. 18-cv-04114.

Accordingly, given the circumstances of this case, Trinh's litigation history against her brother, and her demonstrated failure to establish federal jurisdiction when given additional opportunities, we will affirm the judgment of the District Court.